Folger, J.
Let it be conceded that a release of one of several joint tortfeasors, from the cause of action, or from the judgment recovered thereon against them all, is a discharge of the others therefrom. . Let it be also conceded (though not now so adjudged), that the instrument executed by the plaintiff, to Fowler, is not within the acts of 1838 and 1845, for the relief of partners and joint debtors. Yet then, the defendants in this action have not made out a defense therein.
*381 This instrument is,not a technical release of Fowler, which it must be, to operate as a discharge of his joint tortfeasors, the Woods." It is not under seal (Rowley v. Stoddart, 7 Johns., 207). Nor will the arrangement embodied in it operate as an accord and satisfaction. A payment óf a less sum than the real debt will be no satisfaction, unless there follow a release by deed. That is the principle applicable when, as in this case, the existence and the amount of the debt are not disputed.
If it is not an exoneration of Fowler, under the statutes above named, then it is an agreement between him and the plaintiff, which must be construed and enforced between them according to the intention of both the parties to it, as that intention is manifested by the words they have used in it.
It is very plain that the plaintiff had no purpose to discharge the Woods from their liability upon the judgment. Rather he meant to, and did, save and reserve his rights against them. Nor was that the purpose of Fowler. If it is not effectual under those statutes, then it is of no more effect than a receipt in full to Fowler for all demands against him, or an agreement with him not to enforce further against him his liability by reason of the judgment (7 Johns., supra). This is not sufficient to discharge the Woods. The reason why a technical release would discharge them is that it would be an admission by Irvine, that his judgment had been paid. But this instrument is not such •an admission ; on the contrary, it admits but partial payment, and reasserts the right further to have and demand from them. It is true, a covenant not to sue is held to operate as a release. But this is in favor of him, with whom, or for whose benefit it is made ; and then, to prevent circuity of action (Bank of Chenango v. Osgood, 4 Wend., 607).
It does not so operate in favor of those holden *382 jointly with the covenantee, and not related to him as sureties (Id.).
The reason advanced why this instrument is not within the acts for the relief of joiñt debtors, is that the defendants are not such, for that they have no right of contribution. Then the Woods are not harmed ; rather they are helped, by as much as Fowler has paid upon the judgment. But if it were a case for contribution, this agreement between Irvine and Fowler could not defeat the right to seek it (lb.).
It is not a prevalent answer to this, to say that the instrument refers to the joint debtor act, and is the same as though all the provisions thereof were incorporated in it, and that the act expressly requires the clerk to discharge the judgment of record.
The clerk has no authority to discharge the judgment of record under that act, unless in a case falling within it. If this case does not fáll within it, then the clerk may not act. If it does, then is the instrument effectual, not only for such action of the clerk, but for all that which the plaintiff and Fowler sought. And, surely, the clerk would not have authority from it to discharge the judgment of record under the revised statutes (2 Rev. Stat., p. 362, § 22). This paper is not an acknowledgment of satisfaction of the judgment.
The unsoundness of the defendant’s position is in the .assumption that the instrument made to Fowler is a technical release, or tantamount to it. It is not a technical release, for it is not under seal. It is not tantamount to it, inasmuch as the whole tenor of it is at enmity with the notion of an admission of the payment of the judgment.
The judgment appealed from should be affirmed, with costs.
All the judges concurred.
Judgment affirmed, with costs.