ELLIS vs. ESSON and another.

*September 2 — September 21, 1880.*

JOINT TORTFEASORS.   *(1) What agreement with one bars action against him.
(2-4) When receipt of money from one does not discharge the others.*

1. Although an agreement not to sue one of several joint and several con-
tractors, or joint trespassers, made upon a sufficient consideration, is not
a technical release or discharge of the debt or damages, yet, to avoid
circuity of action, the party with whom the agreement has been made
may set it up as a bar to an action brought against him alone for such
debt or damages.

2. In the absence of any technical release or discharge, under seal, of one
joint trespasser, the receipt of money from one, with an agreement not
to prosecute him, discharges the others only where such money is received
as an accord and satisfaction for the *whole* injury; where it is received
only as *part* satisfaction, it discharges the others only *pro tanto;* and the
question of fact is for the jury, at least in all cases where the amount of
the damages does not rest chiefly in the discretion of the jury, but is the
subject of proof and computation.

3. In an action for a trespass to real estate by entering thereon and cutting
and carrying away from it saw logs, the jury found the amount and
value of the logs carried away, and also that plaintiff, in consideration of
a certain sum of money (much less than the value of the logs), paid him
by one who committed the trespass jointly with defendants, had agreed
not to sue him therefor; that at that time the damages remained unliq-
uidated; but that it was not understood between the parties to such
agreement that said sum satisfied plaintiff for the damages sustained,
but it was understood that he intended to look to the other joint tres-
passers therefor.   *Held,* that the action was not barred by such agree-
ment.

4. Whether in a case of assault and battery, false imprisonment and the like,
in which the damages rest mainly in estimation and opinion, an agree-
ment similar to that above stated, made with one of the joint trespassers,
would not bar an action against the others, not here considered.

APPEAL from the Circuit Court for *Oconto* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an action to recover damages for a trespass upon
the plaintiff's real estate, and cutting and carrying therefrom
a certain quantity of pine saw logs.   The evidence shows that

the trespass complained of was committed jointly by the defendants and one E. E. Comstock, and that the plaintiff had made an agreement with Comstock, as found by the jury in their special verdict, which was as follows:

"'1. That prior to the commencement of this action it was agreed by and between the plaintiff and E. E. Comstock that the latter would pay to plaintiff the sum of $200, and that in consideration thereof plaintiff would not sue said Comstock for the trespass upon, or for the timber taken from, the premises described in the complaint.

"'2. That it was not understood by and between said plaintiff and Comstock, at the time of making said agreement, that said sum of $200 compensated or satisfied said plaintiff for said trespass, or for said timber, or that $200 was the amount of damages sustained by the plaintiff by reason of the trespass or value of the timber, but simply that for the payment of that amount by Comstock the plaintiff agreed not to look to or prosecute him for the balance of the damages, but to look wholly to other parties therefor.

"'3. That at the time of said agreement it was understood by both said plaintiff and said Comstock that the plaintiff intended to look to other parties connected with said trespass for the balance of his damages, over and above the amount received from Comstock.

"'4. That Comstock paid said sum of $200 to the plaintiff, and he received the same, in execution of said contract.

"'5. That at the time of making the above arrangement by plaintiff with Comstock, the extent of the plaintiff's damages by reason of the trespass had not been ascertained, and that said damages remained then unliquidated.'

"The jury also found that 269,935 feet, board measure, of pine logs had been cut and removed from the plaintiff's premises by the defendants and Comstock, or their servants or employees; and that the value of said logs so cut and removed by defendants was $1,079.64.

"Upon these findings both parties moved for judgment; and the court ordered judgment in favor of the plaintiff for the value of the timber so cut and removed, less the sum of $200, which the respondent had received from Comstock under said agreement. The defendants appeal; and the only ground of error alleged or argued in this court is, that the agreement made by the plaintiff with Comstock, a joint trespasser with the appellants, and the receipt of the $200 under such agreement, is a bar to this action."

*W. H. Webster*, for the appellants:

A release or discharge of one of several joint trespassers is a release or discharge of the whole trespass. This is the common-law rule, and is not confined to technical releases under seal. The effect is the same if the release be by operation of law. 6 Bac. Abr., p. 625; Co. Litt., 232; Noy, 62; 5 Co., 97; Browne, 189; Cro. Jac., 444; *Cocke v. Jennor*, Hob., 66; *Wilson v. Reed*, 3 Johns., 175. Releases or discharges by accord and satisfaction are by operation of law. 9 Bac. Abr., p. 522. The plea of accord and satisfaction was always a good defense in trespass, and if by one of several wrong-doers, it inured to the benefit of the others by way of discharge. *Dufresne v. Hutchinson*, 3 Taunt., 117; *James v. David*, 5 Term, 141; *Peytoe's Case*, 9 Rep., 79. And where the claim settled is not a money demand, or, if so, is unliquidated, or, if liquidated, is doubtful in fact or law, any sum, no matter how small, given and received in satisfaction of the demand, will legally satisfy it, however large. 6 Wait's Actions and Defenses, 409; *Warren v. Skinner*, 20 Conn., 559, 562; *McDaniels v. Lapham*, 21 Vt., 222; *Donohue v. Woodbury*, 6 Cush., 148; *McCall v. Nave*, 52 Miss., 494; *U. S. v. Child*, 12 Wall., 232; *Pierce v. Pierce*, 25 Barb., 243; *Brooks v. Moore*, 67 id., 393; *Calkins v. State*, 13 Wis., 389; *Palmer v. Young*, 20 id., 91. In this case the extent of the plaintiff's injury was undetermined. The damages were unliquidated, and were a proper matter for judicial investigation. The

agreement between plaintiff and Comstock, and payment by the latter of the sum stipulated, plainly amounted to an accord and satisfaction of the plaintiff's demand as between him and Comstock. And, this being so, the discharge of Comstock worked the discharge of the defendants by operation of law. *Ellis v. Bitzer*, 2 Ohio, 295; *Tilton v. Morgaridge*, 12 Ohio St., 98; *Turner v. Hitchcock*, 20 Iowa, 318; *Metz v. Soule*, 40 id., 236; *Ruble v. Turner*, 2 Hen. & Mun., 38; *Ayer v. Ashmead*, 31 Conn., 447; *Strang v. Holmes*, 7 Cow., 224; *Merchants' Bank v. Curtiss*, 37 Barb., 317; *Bronson v. Fitzhugh*, 1 Hill, 185; *Gilpatrick v. Hunter*, 24 Me., 18; *Thurman v. Wilde*, 3 Per. & Dav., 289; *Eastman v. Grant*, 34 Vt., 387; *Gunther v. Lee*, 45 Md., 60; *Hillman v. Uncles*, Skinner, 391; *Ballard v. Noaks*, 2 Ark., 45; *Milliken v. Brown*, 1 Rawle, 391; *Armens v. Price*, 2 Penn. L. J., 347; *Ackla v. Ackla*, 6 Pa. St., 228; *Campbell's Estate*, 7 id., 100; *Kidder v. Kidder*, 33 id., 268; *Whitehill v. Wilson*, 3 Pen. & W., 405; *Benjamin v. McConnell*, 4 Gilm., 536; *Scott v. Bennett*, 3 id., 243; *Rice v. Webster*, 18 Ill., 331; *White v. Walker*, 31 id., 422; *Allison v. Connor*, 36 Mich., 283; *McGehee v. Shafer*, 15 Texas, 198; *Brown v. Cambridge*, 3 Allen, 474; *Stone v. Dickinson*, 5 id., 29; Cooley on Torts, 139; 2 Greenl. Ev., § 30; 2 Chitty on Con., 1132; *Bromley v. School Dist.*, 47 Vt., 381; *Barrett v. R. R. Co.*, 45 N. Y., 635; *Knickerbacker v. Colver*, 8 Cow., 111. Nor could any provision in the agreement between plaintiff and Comstock operate to deprive the defendants of the benefit of this legal discharge. The rule is applied even against the intention of the parties to the settlement. *Milliken v. Brown*, 1 Rawle, 398; *Ellis v. Bitzer*, 2 Ohio, 295; *Turner v. Hitchcock*, 20 Iowa, 321; *Ruble v. Turner*, 2 Henning & Munf., 38; *Brown v. Kencheloe*, 3 Cold., 192. The distinctions between the legal effect of a release, of an accord and satisfaction, of a discharge, and of a covenant not to sue, sought to be drawn by the plaintiff, have long since disappeared. Whatever the form or circum-

stance may be that produces, in law, an actual discharge from all further liability of one of several wrong-doers, the effect is the same. *Turner v. Hitchcock, supra; Buchanan v. Curry*, 19 Johns., 137; *Stebbins v. Niles*, 3 Cush. (Miss.), 267; *Jones v. Quinnipiack Bank*, 29 Conn., 46; *Cuyler v. Cuyler*, 2 Johns., 186; *Phelps v. Johnson*, 8 id., 54; *Clark v. Bush*, 3 Cow., 151; *Brown v. Williams*, 4 Wend., 360; *Farmers' Bank v. Blair*, 44 Barb., 641; 6 Bac. Abr., 603; *Harrison v. Close*, 2 Johns., 449. Nor is the theory of divisibility or apportionment of damages among the wrong-doers applicable. The injury is an entirety, a unit, and wholly incapable of apportionment or division until the actual damage is liquidated by agreement or by the result of judicial investigation. *Gilpatrick v. Hunter*, 24 Me., 18; *Turner v. Hitchcock*, 20 Iowa, 316; *Calkins v. State*, 13 Wis., 394.

For the respondents there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings:*

1. An injured party is entitled to full compensation for his injury, and to but one compensation. From these principles arises the general rule that a *release* of one joint wrong-doer or joint contractor releases all. This rule and the technical reasons for it are the same in cases of contract and tort. 1 Parsons on Con. (5th ed.), 28; *Turner v. Hitchcock*, 20 Iowa, 323; *Bronson v. Fitzhugh*, 1 Hill, 185; *Snow v. Chandler*, 10 N. H., 94. It rests upon the principle that a party can have but one compensation, and the rule of the common law that a technical release under seal is conclusive evidence of full satisfaction in fact. *Brown v. Marsh*, 7 Vt., 326; *Eastman v. Grant*, 34 id., 389; *Matthews v. Chicopee Manuf'g Co.*, 3 Robt., 713. This being the reason for the rule, it follows that where there has not been satisfaction in full for the entire injury, a release to one, in order to discharge another, must be a technical release under seal. *Snow v. Chandler*, 10 N. H., 92; *Irvine v. Milbank*, 15 Abb. Pr. (N. S.), 380; *Smithwick v. Ward*, 7 Jones (N. C. L.), 64; *Bloss v. Ply-*

*male*, 3 W. Va., 393; *Bailey v. Berry*, 8 Am. Law. Reg. (N. S.), 270; *Rowley v. Stoddard*, 7 Johns., 207; *Shaw v. Pratt*, 22 Pick., 307; *Greenwald v. Kaster*, 86 Pa. St., 47; *Spencer v. Williams*, 2 Vt., 212; 2 Johns., 448, 186; 2 Salk., 575; 2 Saund., 48; 9 Johns., 310; 8 id., 389; 8 Mass., 480; 9 Cow., 36; 5 Barb., 455; 1 Gray, 630; 38 N. J. L., 358. As the effect of a technical·release follows from the conclusive legal presumption arising from the instrument, that effect can be avoided by the instrument itself; and effect will be given to the intention of the parties as evidenced by the instrument. It may be so expressed as not to release all. 1 Parsons on Con. (5th ed.), 28; *Matthews v. Chicopee Manuf'g Co.*, *Bronson v. Fitzhugh*, *Greenwald v. Kaster*, *Irvine v. Milbank*, *Bailey v. Berry, supra; Solly v. Forbes*, 6 E. C. L., 11; *Thompson v. Lack*, 54 id., 551; *Sloan v. Herrick*, 49 Vt., 328. The intention of the parties is alone regarded, where it can be ascertained without violating any rules of evidence or conclusive legal presumptions, and does not result in giving the injured party more than one full compensation. 38 N. J. L., 358; 45 Md., 60. When there is no technical release under seal, full satisfaction in fact must be shown, to work a full discharge. 1 Parsons on Con. (5th ed.), 29; *Lovejoy v. Murray*, 3 Wall., 1; Cooley on Torts, 139; *Snow v. Chandler*, *Irvine v. Milbank, supra; Miller v. Fenton*, 11 Paige, 20; WRIGHT, J., in *Turner v. Hitchcock*, 20 Iowa, 331; *Bemis v. Hoseley*, 16 Gray, 63; *Harriman v. Harriman*, 12 id., 341; 38 N. J. L., 358. A partial satisfaction by one, therefore, only works a discharge *pro tanto* as to the others. Story on Con., § 997; Cooley on Torts, 140; *Snow v. Chandler*, *Turner v. Hitchcock, supra; McCrillis v. Hawes*, 38 Me., 566; *Merchants' Bank v. Curtiss*, 37 Barb., 319; *Chamberlin v. Murphy*, 41 Vt., 118. And a covenant not to sue one of several joint debtors or joint wrong-doers, does not release the others. *Spencer v. Williams*, 2 Vt., 212; *Brown v. Marsh*, 7 id., 326; *Snow v. Chandler*, *Bailey v. Berry, supra; East-*

*man v. Grant*, 34 Vt., 390; *Harrison v. Close*, 2 Johns., 448; 8 Mass., 480; 17 id., 623; 4 Greenl., 421; 8 N. H., ·369; 9 Cow., 37; 21 Mich., 424; 38 N. J. L., 358; 15 Abb. Pr. (N. S.), 381; 21 Wend., 424; 8 Paige, 237; 7 Johns., 209; 10 N. H., 93. And where there has not been a full accord and satisfaction, the tendency of the courts is to construe the transaction into a covenant not to·sue, rather than a release. 38 N. J. L., 360. This case presents a clear, unqualified covenant not to sue. There was no attempt at or pretense of an accord and satisfaction of the plaintiff's claim. 2. The rule that a *discharge* of one of several parties jointly liable operates as a discharge of all, has its origin in, and is confined to, contract obligations that are joint only. The sole reason of the rule is, that the obligation, being joint and not several, cannot be divided and stand cancelled as to one and operative as to another joint obligor. *Bowen v. Hastings*, 47 Wis., 236; Cooley on Torts, 134; Wells' Res Adjudicata, §§ 34–37; Freeman on Judgments, §§ 231, 235–6. From the very nature and reason of the rule it can have no application to contract obligations that are joint and several. And as all joint wrong-doers are severally as well as jointly liable, it can have no application to cases of torts. *Turner v. Hitchcock*, 20 Iowa, 332. 3. The nature of the damages in this case distinguishes it from those cited by the defendants. Here the damages are definitely ascertainable and divisible. And in such cases the rule is recognized, that they may be settled for in part by one wrong-doer, and that such settlement does not prevent an action against the others for the remainder. Cooley on Torts, 140; *McCrillis v. Hawes*, 38 Me., 568; *Fitzgerald v. Smith*, 1 Ind., 310; *Matthews v. Chicopee Co.*, 3 Robt., 712; *Bailey v. Berry*, 8 Am. Law. Reg. (N. S.), 270. 4. Upon principle, the plaintiff is plainly entitled to recover. He was injured to the extent of the value of the timber. He had a right to sue the defendant for the whole claim. They could not compel him to join Comstock; and they could not

compel Comstock to contribute, had they been sued for and paid the whole claim. They have lost no right by the plaintiff's agreement not to sue Comstock, but receive the full benefit of the payment by the latter.

TAYLOR, J. The proposition of the learned counsel for the appellants is, " that a release or discharge of one of several joint trespassers is a release or discharge of the whole trespass;" and he argues that it is immaterial what the form of the agreement is between the parties, so long as it is sufficient to bar the right of the injured party from thereafter maintaining an action for such trespass against the party with whom the agreement was made; and that an agreement not to prosecute the party for the trespass, made upon a sufficient consideration, is equally as effective to bar such action against him, as a technical release. In this latter proposition we think the learned counsel is supported by the great weight of authority. Nearly all the authorities hold that, although an agreement not to sue one or more of several joint and several contractors or joint wrongdoers, made upon a sufficient consideration, is not a technical release or discharge of the debt due or of the damages sustained, yet, to avoid circuity of actions, the party with whom the agreement has been made may set it up as a bar to an action brought against him alone for such debt or damages. *Lacy v. Kynaston*, 2 Salkeld, 575; 1 Parsons on Contracts, 28, note *i*, and cases cited.

The learned counsel for the respondent contends that, in order to bar an action for a trespass against all of several joint wrong-doers, by an agreement made between the injured party and one or more of such wrong-doers, by which, for a valuable consideration, he agrees not to prosecute or look to them for any of his damages, the contract must be such as shows, either in fact or in law, that the injured party has received full compensation for his injury; and that when the contract, whether under seal or otherwise, shows that the compensation

which he receives from the parties whom he contracts not to prosecute further, or whom he in fact discharges from further liability to him for damages, was not intended as a full compensation for his injuries, he may still pursue the other wrong-doers for his damages, giving them the benefit of the sums he may have received of those who have purchased their peace. In the language of the learned counsel, " the injured party is entitled to full compensation for his injuries, and to but one compensation." When, therefore, the injured party receives a full compensation in fact from one of two or more joint wrong-doers, or when he enters into such a contract with one that the law raises a presumption that he has received such full compensation from him, such receipt of compensation, or such agreement, is a bar to an action against the other wrong-doers. To bar the action of the injured party it must be shown either that he has received full compensation for his injuries, or what was intended as a full compensation, or that he has released one or more of the wrong-doers by a technical release, under seal.

When a technical release, under seal, is given by the injured party to one of several joint wrong-doers, the courts have quite uniformly held this to release all, and that it is a good bar to an action against those not named in the release. The reason of this rule is based upon the nature of the release under seal. The release being under seal, and absolute, its meaning cannot be controlled by parol evidence, and the law raises a conclusive presumption that it was given in full satisfaction in fact for the injury, and upon a sufficient consideration. The effect of this technical release under seal, and the legal presumptions which arise therefrom, and which cannot be controlled by any parol proofs, is well illustrated in the case of *Bronson v. Fitzhugh*, 1 Hill, 185. In that case two parties, common carriers, were charged by the plaintiff with negligence. Before the action was commenced, the defendant Fitzhugh had agreed in writing, without seal, with the plaint-

iff, " in consideration that the plaintiff would release Throop, the other defendant, from all liability in this matter, that any liability which he, Fitzhugh, might have incurred, or was subject to in the premises, should in no respect be impaired or affected by the release." The plaintiff thereupon released Throop, and, as is evident from the statement of the case, by a technical release, under seal, containing no reference in it to the agreement made with Fitzhugh. The plaintiff brought his action against Throop and Fitzhugh, and the process was served on Fitzhugh alone, and he set up the release of Throop as a defense, and the court held the release a bar to the action against Fitzhugh. The ground of the decision was, that, the release being under seal, its effect was a question of law, and no parol evidence could be received to control the effect which the law gave to it. Justice BRONSON, who delivered the opinion of the court, says: " The deed, being taken most strongly against the releasor, is conclusive evidence that he has been satisfied for the wrong; and after satisfaction, although it moved from only one of the tort-feasors, no foundation remains for an action against any one. A sufficient atonement having been made for the trespass, the whole matter is at an end. It is as though the wrong had never been done."

There is no dispute in the authorities on this question. All hold that a technical release of one of two or more joint wrong-doers, under seal, discharges them all, and is a good bar to an action against any or all of them; and the reason of the rule is above stated. Upon the production of the release, the law conclusively presumes that the injured party has been fully satisfied for the wrong done, and this legal presumption cannot be changed or disproved by any parol evidence. See *Cocks v. Nash*, 9 Bing., 341; *Brooks v. Stuart*, 9 A. & E., 854.

It is insisted by the counsel for the respondent, that when the contract which is set up as a release of one of several joint wrong-doers is not a technical release, the construction of

which is fixed by the law, then the intention of the parties is to govern; and if it be clear that there was no intention on the part of the injured person to release his cause of action against all the wrong-doers, and that the sum received was not in fact a full compensation for his injury, nor intended to be such by the parties, then any agreement of the injured party not to prosecute one or more of several wrong-doers, in consideration of the payment of a specified sum of money, does not discharge the other wrong-doers, except to the extent of the money so received. In other words, when the contract is not of such a nature that the law deems it conclusive evidence that the injured person *has been satisfied for the wrong*, then it becomes a question of fact for the court or jury whether what he has received of the one wrong-doer was received in full satisfaction of his wrong; and, if it appears that it was not so received, it is only *pro tanto* a bar to an action against the other wrong-doers. And this view of the case, we think, is sustained by the great weight of authority, in all cases where the amount of the damages is the subject of proof and computation, as in this case, though there is some conflict in those cases where the damages are not the subject of proof and computation, but rest mostly in the discretion of the jury, as in cases of assault and battery, slander, libel, false imprisonment, and other actions of that nature.

It is probable that one reason why the rule above stated has not been so universally adopted by the courts in the class of actions above named, is that in such cases the real amount of injury which the plaintiff has sustained is so much a matter of uncertainty that it would be very difficult to tell, before a verdict was obtained, what they were, and any sum received from one of the wrong-doers to buy his peace might well be considered a full compensation for the injury sustained. In cases where there is no technical release and discharge of one of several joint wrong-doers, whether the receipt of money from one, accompanied with an agreement not to prosecute

him for the wrong, is a discharge of the other wrong-doers, depends upon the question whether such money was received as an accord and satisfaction for the whole injury. If it was, then all are discharged; if it was not, but only as a part satisfaction, then it is a discharge of the others only *pro tanto.* A court or jury would more readily infer that a receipt of $200 from a party who had assaulted and beaten another, by the party injured, was intended as a satisfaction for the whole injury done, than if the same sum of money had been received by the injured party of one of two or more persons who had tortiously converted a thousand bushels of wheat worth $1,000. See *Brown v. Cambridge,* 3 Allen, 475; *Stone v. Dickinson,* 5 Allen, 29. The distinction made by the courts between the class of cases above mentioned, where there is no fixed legal measure of damages, and those where there is a fixed legal measure, is considered and commented upon in the following cases: *McCrillis v. Hawes,* 38 Me., 568; *Gilpatrick v. Hunter,* 24 Me., 18; *Eastman v. Grant,* 34 Vt., 390; *Ellis v. Bitzer,* 2 Ohio, 295; *Knickerbacker v. Colver,* 8 Cow., 111.

In the case of *Eastman v. Grant, supra,* which was an action for assault and battery, in commenting upon the effect which must be given to the contract made with two of the joint wrong-doers, by which, in consideration of $100 paid by each, the plaintiff agreed not to prosecute them, and to save them harmless from all liability to the plaintiff for all damages sustained by reason of the assault and battery, the court says: "The plaintiff's claim rests solely in damages. There was no criterion by which the amount could be definitely determined. It was a matter of mere estimation, based on opinion and judgment, not of computation based on any fixed *data.* If the question were submitted to a jury, they could determine it only by estimation. Here the plaintiff and the Bowens got together and determined the matter for themselves. They estimated the damages and fixed the amount of the plaintiff's claim against them, and they paid it and were discharged. . . .

*There is nothing in the case to indicate that the amount paid was not the full amount of the damages,* and the extent of the plaintiff's claim on them. If the plaintiff had brought his action against the Bowens and had recovered $200 damages, and they had paid the judgment, that clearly would have discharged all. If these parties agree upon the amount without the intervention of a court or jury, and the amount is paid, the effect, we apprehend, must be the same. The plaintiff's claim is the same against all the parties engaged in the trespass. He may pursue them jointly or severally to enforce it, *but when that claim is once paid it is cancelled as to all the parties."*

It will be seen, from the opinion of the court in this case, that the reason for holding that the settlement by the two joint wrong-doers was a bar to the action against the others, was put upon the ground that the evidence showed that the plaintiffs had received from the two what was agreed upon between the parties to be a full compensation for the injury the plaintiff had sustained by the assault and battery, and not solely upon the ground that the plaintiff had agreed not to prosecute these parties further for such injury. The rule governing in actions of tort is briefly stated by Judge Cooley in his work on torts, 139: "The bar arises not from any particular form that the proceedings assume, but from the fact that the injured party has actually received satisfaction, or what in law was deemed the equivalent." Story on Contracts, § 997, says: "A parol release to one of several joint obligors will never operate as a complete discharge of the others *unless the debt be fully satisfied by him.* If it be partially satisfied, it may *pro tanto* be pleaded in discharge of the others." The courts have uniformly applied the same rule to actions of tort.

Robertson, C. J., in 3 Robt., 713, says: "The sole ground of the effect of a release of one of several joint contractors or wrong-doers, in discharging all, is that it was, in presump-

tion of law, *a satisfaction;* and whenever a release was in such form, or accompanied by such restrictions, as to repel such presumption, it did not necessarily discharge all."

Parsons, in his work on Contracts, vol. 1, p. 29 (6th ed.), says: "If an action be brought against many, and to this an accord and satisfaction by one be pleaded in bar, it must be complete, covering the whole ground, and fully executed. It is not enough if it be in effect only a settlement with one of the defendants for his share of the damages; nor would it be enough if it were only this in fact, although in form an accord and satisfaction of the whole."

Justice MILLER, in the case of *Lovejoy v. Murray*, 3 Wall., 1–17, says: "When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages. But it is not easy to see how he is so affected until he has received full satisfaction, or that which the law must consider as such."

It is not claimed by the learned counsel for the appellants that the contract made between the plaintiff and Comstock shows that the plaintiff received the $200 as satisfaction in full for his damages, or that it was understood between the parties that the $200 was a full compensation therefor, or that the plaintiff intended to relinquish his right to claim further compensation and damages from the defendants for his injury. The finding of the jury is express that 'it was understood at the time that the plaintiff intended to look to the defendants for the balance of his damages over the $200 received of Comstock.

But it is insisted by the counsel for the appellants that because the plaintiff bound himself, by a valid contract, not to prosecute Comstock for the trespass, he was discharged from all further liability to the plaintiff on account of such trespass, and the other wrong-doers were also discharged, notwith-

standing it was not so agreed or intended by the parties. It is possible that this rule might apply to a case of two or more persons who were jointly and not severally bound by contract. If, in such case, the person to whom the parties were jointly bound should make a contract upon sufficient consideration, by which he discharged one, no action could be maintained against the other joint contractors, because the rules of practice in such cases require that all the joint contractors shall be sued together, and the other parties may insist upon such joinder of parties. If, therefore, one of the joint contractors has been discharged from further liability by the plaintiff, so that the joint action cannot be maintained against him, it must fail as to all. *Bowen v. Hastings*, 47 Wis., 236. In such cases, however, when it is apparent that it was not the intention of the parties to discharge or satisfy the debt or claim, but only to relieve one party from all liability to pay the same, the courts have usually avoided the difficulty by construing such contract as a simple contract not to sue the party discharged, and permit the action to proceed against all the parties notwithstanding the contract, leaving the discharged party to his action against the plaintiff for any damage he may sustain by reason of his being sued contrary to the conditions of such contract. *Line & Nelson v. Nelson & Smalley*, 38 N. J. Law, 358; *Solly v. Forbes*, 2 Brod. & Bing., 38 (6 E. C. L., 11); *Couch v. Mills*, 21 Wend., 424; *Price v. Barker*, 1 Jurist, 775 (N. S.); *Dean v. Newhall*, 8 T. R., 168. Admitting that the rule contended for by the learned counsel for the appellants would apply to the case of joint contractors, it could have no application to joint wrong-doers, who are always held liable to the injured party severally as well as jointly.

The contract set up in this case shows that the plaintiff did not receive the $200 from Comstock in satisfaction or as full compensation for the injury he had sustained by the trespass, and that it was not the intention to release the other joint

trespassers from liability for the trespass. The plaintiff's agreement not to sue Comstock for the trespass, under the circumstances disclosed by the evidence in this case, does not, therefore, discharge the other joint trespassers except *pro tanto*. The court below properly rendered judgment in favor of the plaintiff for the damages he had sustained by reason of the trespass, less the sum of $200 received of Comstock. This rule is, we think, supported by the great weight of authority, as will be seen by an examination of the large number of authorities cited by the learned counsel for the respondents. The following cases fully sustain the position stated: *Snow v. Chandler*, 10 N. H., 92; *McCrillis v. Hawes*, 38 Me., 568; *Spencer v. Williams*, 2 Vt., 209; *Chamberlin v. Murphy*, 41 Vt., 110; *Sloan v. Herrick*, 49 Vt., 328; *Matthews v. Chicopee Co.*, 3 Robt., 712; *Bloss v. Plymale*, 3 West Va., 393; *Shaw v. Pratt*, 22 Pick., 307; *Pond v. Williams*, 1 Gray, 630–636; *Bank v. Messenger*, 9 Cow., 37; *Line v. Nelson*, 38 N. J. L., 358; *Irvine v. Milbank*, 15 Abb. Pr., 378 (N. S.); *Solly v. Forbes*, 6 Eng. Com. Law, 11; *Thompson v. Lack*, 54 Eng. Com. Law, 551; *Bank v. Curtiss*, 37 Barb., 319–20; *Gunther v. Lee*, 45 Md., 60–67. .

Many other cases will be found in the books holding the same doctrine, and so far as we have been able to find there are very few which hold the contrary doctrine. Nearly all the cases in which it has been held that an agreement by the injured party discharging one or more of several joint trespassers was a discharge of all, proceed upon the ground that the contract evidencing the discharge showed that the plaintiff had received a full compensation and satisfaction for all his injuries from the person discharged. The case of *Gunther v. Lee*, last above cited, proceeds upon this distinction. In that case one of the joint wrong-doers had been released under seal, with a reservation that the release should not prejudice the plaintiff's right to proceed against the other wrong-doers for damages claimed by the plaintiff. The court says: "Here

the release expresses a consideration on its face which was *received in full satisfaction of the wrong complained of;*" and then holds the proviso in the release void, as repugnant to the legal effect and operation of the release itself.

As was insisted by the learned counsel for the respondent, with great clearness and ability, there is no hardship in this rule. Certainly the receipt of a partial satisfaction from one of two joint tort-feasors is no injury to the other who is afterwards sued for the trespass. On the other hand, it is to his benefit, as he has the advantage of what was paid by his associate in the wrong in reducing the judgment against him. The party injured is under no duty to the joint wrong-doer to proceed at all against his associate, and his refusal to proceed against him is no ground of defense. As it is wholly optional with the injured party to proceed against one of two joint wrong-doers for the whole of his damages, there is no equity in holding that, because he has received a part satisfaction for his injury from the one not proceeded against, upon an agreement not to sue him for the wrong, the other may set up such receipt as a complete defense to the action. He is benefited and not injured by such proceeding. Again, suppose the injured party has obtained judgment against two wrong-doers: he is under no obligation to collect the damages equally of both; and if he should direct the execution to be levied and collected out of the property of one, he would have no redress, and no power to compel his co-defendant to contribute; or if the plaintiff in such case should direct the execution to be collected in part only out of the property of each, neither would have any right to control the amount which should be so collected of the other. And certainly such discretion could not be set up as a bar by either to the collection of the part directed to be collected of his property.

The defendants suffered no damage in consequence of the contract made between the plaintiff and Comstock. The plaintiff is not, therefore, affected by any equity in favor of

the defendants. As no technical release was given to the joint wrong-doer, and the contract proved clearly shows that the plaintiff did not receive the $200 in satisfaction of, or as full compensation for, his injury, there was no defense to the plaintiff's action except as to the $200 received, and of this the defendants had the benefit.

Notwithstanding any general remarks found in this opinion, it will be understood that the decision of the court goes no further than holding that the facts of this case do not show a release of the defendants from liability for damages, and that the majority of the members of the court do not now decide that a similar agreement made with one of two or more joint trespassers, in an action for an assault and battery, false imprisonment, or similar actions, in which the damages rest mainly in estimation and opinion, would not be a bar to an action against the others.

*By the Court.*—The judgment of the circuit court is affirmed.