## POGEL vs. MEILKE.

*March 20 — April 18, 1884.*

*When settlement with one joint tort-feasor releases all.*

Where joint tort-feasors have been severally sued the receipt of money in settlement of the action against one does not discharge the others unless it was received as satisfaction for the whole injury.

APPEAL from the Circuit Court for *Jefferson* County.

Action of trespass *quare clausum*, commenced in justice's court. The answer, besides a general denial, gave notice

Pogel vs. Meilke.

that upon the trial the defendant would show that he and his grantors and the public had a prescriptive right to walk upon the banks and take fish from a stream known as Stony brook, upon the plaintiff's premises, and that at the time of the alleged trespass he was in the exercise of such right. Other facts are stated in the opinion.

The defendant had a judgment in the justice's court. Upon an appeal to the circuit court the cause was heard on the return of the justice and judgment was rendered in favor of the plaintiff. The defendant appealed.

For the appellant there was a brief by *Smith & Rogers*, and oral argument by *Mr. Rogers*.

*Charles H. Gardner*, for the respondent.

COLE, C. J. The defendant made no attempt to prove a prescriptive right to catch fish in Stony brook, on plaintiff's land, so that defense is out of the case. But the defendant also answered that the trespass complained of was committed by him jointly with one Jordan; that about the time this suit was instituted the plaintiff commenced an action against Jordan to recover damages for the trespass; that while both actions were pending and undetermined the plaintiff accepted and received from Jordan the sum of fifty cents in full satisfaction of said alleged cause of action, together with $1.92 costs, and released Jordan from all further liability for the trespass. The defendant pleaded that release and satisfaction as a bar to any recovery in this action.

Now, whether the acts complained of constituted a joint trespass, may, upon the evidence, admit of some doubt. The testimony of the defendant upon this point is that he and Jordan went fishing upon the plaintiff's land; that they agreed to divide, and did actually divide, the fish which they caught. This is all there is to show that the defendant and Jordan were acting in concert in the execution of a common purpose in the fishing enterprise, so as to make the act of

one the act of both.    Perhaps the fact that each was to have a share of the fish which should be caught rendered them joint trespassers.    Be this as it may, certain it is there is nothing in the case which will warrant the inference that the plaintiff knew there was any combination or concert of action between the defendant and Jordan, so that he could hold them liable as joint wrong-doers.    He commenced separate actions against them, probably upon the assumption that each was only liable for his own acts.    Apparently the trespass was several in its character, and the plaintiff had the right to hold each responsible for the injury which such person had done to him.    For, as a learned writer says, while the law permits all the wrong-doers to be proceeded against jointly, it also leaves the party injured at liberty to pursue any one of them severally, or any number less than the whole, and to enforce the remedy regardless of the participation of the others.    Cooley on Torts, 133.    But, as we have said, there is nothing to show that the plaintiff knew that the defendant and Jordan acted in concert in committing the trespass, if such were the fact, or that they had agreed to divide the fish which might be caught on his land. He had no reason to suppose that each was not acting separately for himself alone.    So he settled with Jordan pending this action, and released him from further liability for the trespass.

Where the trespass is joint, this court has held that the receipt of money from one with an agreement not to prosecute him, discharges the others only when such money is received as an accord and satisfaction for the *whole* injury, but where it is received only as part satisfaction it discharges the others only *pro tanto*.    *Ellis v. Esson*, 50 Wis., 138.    The question as to when a release of one joint tort-feasor will operate to bar an action against the others is fully discussed in that case by Mr. Justice TAYLOR, and need not be further considered here.    It is sufficient to say there was no proof

that the settlement with Jordan was understood by the parties to be in satisfaction of the whole injury: presumably it was only intended to be in satisfaction of the damages claimed in that action. In the language of plaintiff's counsel it is not claimed that Jordan, at the time of the alleged settlement, even pretended to settle anything but his own matters. Besides, there is no pretense that the costs which had accrued in this action were included in that settlement, or that any provision was made for their payment. So, in any view, we think the judgment of the circuit court was correct and must be affirmed.

*By the Court.*— It is so ordered.