## SETTLEMENT WITH ONE JOINT TORT FEASOR.

[Circuit Court of Cuyahoga County.]

ARTHUR E. GILBERT v. WILMER A. TIMMS.

Decided, November 24, 1905.

*Joint Tort Feasors—Rule as to Settlement with One—Not Abrogated by Act for the Relief of Partners.*

1. At common law settlement with one joint tort feasor bars recovery against the others. *Ellis* v. *Bitzer,* 2 Ohio, 89, followed.
2. This rule is not abrogated by the act of April 8, 1857 (Sections 3162 to 3166, inclusive, Revised Statutes) for the relief of partners and joint debtors.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the court of common pleas.

Plaintiff brought this action against Dr. Wilmer A. Timms and Dr. Charles B. Parker to recover damages alleged to have been sustained by reason of malpractice in the setting of a broken arm. After filing his petition, plaintiff settled with defendant Charles B. Parker, and this fact was set up by Dr. Timms, in supplemental answer, as a bar to any recovery against the latter.

Thereupon plaintiff replied, admitting the settlement with Dr. Parker, but alleging, "In making said settlement with defendant Charles B. Parker, however, the plaintiff expressly stipulated that in receiving said consideration from the said Charles B. Parker he expressly reserved all rights he may have against defendant, Wilmer A. Timms, to prosecute the said action and recover such damages as he may be able to show have accrued to him on account of the facts set up in the said petition, in excess of the amount so received from defendant, Charles B. Parker."

Upon motion of the defendant, Timms, judgment was rendered by the common pleas court for defendant, upon the pleadings.

To reverse said judgment the case is here on error, and must be affirmed on authority of *Ellis* v. *Bitzer,* 2 Ohio, 89, unless

the provisions of an act for the relief of partners and joint debtors, passed April 8, 1857 (54 O. L., 94), apply. Said act is now found in Sections 3162 to 3166 inclusive, of the Revised Statutes. The first four sections refer to partnerships and provide that after dissolution of a partnership one partner may compromise with the firm's creditor, for his share of its debt, and be released from all further liability thereon, without releasing the other partners therefrom or affecting their right to call on the member who makes the compromise or composition for his ratable portion of such partnership debt.

The last section reads as follows:

"Section 3166. The above provisions in reference to partners shall extend to other joint debtors, who may individually compound or compromise for their joint indebtedness, with the like effect in reference to creditors and to joint debtors of the individual so compromising, as is above provided in reference to partners."

We are inclined to think that the Legislature, when it passed this act, was fully advised of the ruling of the Supreme Court in the case above referred to, but did not intend by said act to change the law as there announced. Had its intention been as broad as is contended for by counsel for plaintiff, language more apt for the purpose could have been used, and the reference in Section 3166 to "joint *debtors* of the individual so compromising," is for the purpose of preserving to them the right of contribution, which existed in the case of joint obligors, but not in the case of joint tort feasors.

New York state has a similar statute, but the courts of that state, where the rule expressed in *Ellis* v. *Bitzen, supra*, is not the law, have based their holdings upon principle and not upon the statute.

In the case of *Gilbert* v. *Finch*, 173 N. Y., 455, Judge Haight says (on page 466):

"It thus appears that the decisions of this court are in accord with the English rule and *in harmony with* our statute in reference to joint debtors."

So also, Judge Folger, in the case of *Irvine* v. *Milbank*, 15 Abb. Pr. (N. S.), 378, suggests the non-applicability of the statute, but does not so adjudge.

We are doubtful whether the severity of the rule announced in 1825 by the Supreme Court of this state in the case referred to, should be relaxed in the case of *all* joint tort-feasors. The modern holding seems to make a distinction between the cases where there is no fixed legal measure of damages, as here, and those where there is a fixed legal measure, as in the case of *Ellis* v. *Esson*, 50 Wis., 138, where there was a trespass upon real estate and the carrying off of certain saw-logs.

The ground for the distinction lies in the fact that in a case where the damages are to be measured by the discretion of the jury, there is no way to determine whether the amount received from one joint wrong-doer is in full satisfaction of the whole wrong, while in a case like the saw-log case, where the damages are measurable under fixed rules of law, it is easy to determine whether or not the amount paid by one is full compensation and satisfaction for the injury complained of.

This distinction also furnishes a cogent reason for denying the application of the statute to the case of joint tort-feasors, leaving the courts free to make such distinction in a proper case.

Judgment affirmed.

*Smith, Beardsley & Morgan,* for plaintiff in error.

*Squire, Sanders & Dempsey,* for defendant in error.