JAMES R. FINLAY *vs.* ALBERT A. PLANTE *et al.*

JUNE 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case for negligence. After trial in the Superior Court before a jury, resulting in a verdict for the plaintiff for $850, the case is in this court on defendants' exceptions (1) to the refusal of the trial justice to direct a verdict for defendants; (2) to the denial of the defendants' motion for a new trial and (3) to a ruling on the admissibility of certain evidence.

The plaintiff, as a passenger in an automobile used by the defendants as a taxicab, was being transported from his home to his place of employment at the corner of Hope

street and Blackstone Boulevard in the city of Providence. The driver of said automobile while proceeding southerly along North Main street made a left turn so as to enter Hillside avenue. At the intersection of said avenue he came into collision with an automobile driven by Dr. Harry M. Kechijian which approached to the right of defendants' car. The plaintiff was thrown out and severely injured. Both cars were apparently being driven at a reasonable rate of speed. As they approached the intersection of North Main street and Hillside avenue it was the duty of the driver of defendants' car to give the right of way to the car approaching from his right. Sec. 1, Chap. 99, G. L. 1923.

It was a question for the determination of the jury whether the driver of defendants' car "speeded up" as he says in an effort to avert the collision or whether such action on his part was an attempt to take the right of way from a car approaching on his right. There was evidence from which the jury might reasonably have found that the defendants were guilty of negligence which contributed to the plaintiff's injuries.

It appears in evidence that an agent of an insurance company adjusted a claim preferred against Dr. Kechijian by paying to the plaintiff the sum of $3,250. The trial justice properly instructed the jury that this amount must be deducted from any award of damages they might make. See Sutherland on Damages, 4th ed., Vol. 1, p. 782. That the jury followed this instruction is evident from the amount awarded by their verdict.

On the question of damages the trial justice found that the amount of the verdict added to the sum already received from the insurance company was ample compensation for the injuries received but did not find said amount to be excessive. We find nothing in the record that would warrant us in disagreeing with his finding in this respect. The verdict has the approval of the trial justice and the defendants take nothing by exceptions 1 and 2.

The plaintiff testified that he had settled his claim for damages against Dr. Kechijian. After a motion for a directed verdict on the ground that the plaintiff by the use of the term "settled" had acknowledged the receipt of full compensation for his injuries, the court permitted the plaintiff to reopen his case for the purpose of showing that the adjustment of his claim had been consummated by giving a covenant not to sue instead of a release. Thereupon Roy W. Johnson testified that as agent of an insurance company he had adjusted the claim of the plaintiff against Dr. Kechijian; that he had assisted in drawing the document which the plaintiffs signed and that he had in his possession an exact copy thereof; that the original was in the files of an insurance company in Hartford in the State of Connecticut and that it could be procured if he were given sufficient time. The court over the objection of the defendants admitted the copy in evidence.

Defendants contend that the ruling of the trial justice was in violation of the best evidence rule and that the document contradicted the previous testimony of the plaintiff. The trial justice properly ruled that the document was explanatory of said testimony and not in contradiction thereof. The plaintiff in using the word "settled" was clearly not aware of the legal implications that might arise from its use and it was a proper exercise of discretion by the trial justice to permit the plaintiff to reopen his case for the purpose of showing the terms under which the plaintiff had adjusted his claim against Dr. Kechijian. Had the plaintiff accurately described his arrangement with Dr. Kechijian it would not have been necessary to produce the document except on the demand of the defendants for the purpose of contradicting the testimony of the plaintiff. It was not a document necessary in proof of the plaintiff's case.

The defendants did not see fit to cross-examine the agent of the insurance company as to the terms of the adjustment of plaintiff's claim nor did they question that the document

offered was an exact copy of the original. The objection to its introduction is solely on the ground that it was not the original. As they do not question the truth of the statements contained in said copy, they were in no way prejudiced by its introduction. Under these circumstances it was not reversible error to admit in evidence the copy of the agreement.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Howard K. Simmons,* for plaintiff.

*Cooney & Kiernan, Quinn, Kernan & Quinn,* for defendants.