ABIGAIL CLARK, PLAINTIFF IN ERROR, v. JOHN J.
COSTELLO, DEFENDANT IN ERROR.

Where the validity of an order for the sale of lands, made by the Orphans'
Court, is challenged in a collateral proceeding, that court will be pre-
sumed to have had before it, and to have passed upon, all those mat-
ters the existence of which was necessary in order to authorize the
making of such order.

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Robert S. Clymer* and *David J. Pancoast.*

The opinion of the court was delivered by

GUMMERE, J.  This action is brought by the plaintiff in
error, Abigail Clark, against Costello, the defendant in error,
to recover the possession of the one-third part of the one-tenth
part of a certain tract of land situate in Gloucester county, in
this state, her claim being that her husband, Abraham P.
Clark, died seized of the said one-tenth part of said tract, and
that upon his death she became endowed of the one-third part
thereof during her life.

The material facts which were proved in the case are as
follows: Benjamin Clark, her husband's father, died in the
year 1830 seized of the tract of land in question, and on his
death his son Abraham, who was then less than a year old,
became the owner of an undivided one-tenth part thereof as
one of his heirs-at-law.  Mary Clark, Abraham's mother, was
duly appointed his guardian by the Orphans' Court of Glouces-
ter county, and subsequently, on the 16th day of December,
1843, the said court made the following order:

"In the matter of the petition of Mary Pedrick, late Mary Clark, guardian of Abraham P. Clark, a minor. Sale of land.

"Mary Pedrick, late Mary Clark, guardian of Abraham P. Clark, a minor, having presented a petition setting forth that the personal estate and the rents and profits of the real estate of said ward are not sufficient for his maintenance and education, and praying that she may be ordered to sell such parts or the whole of the real estate of said ward in the said petition mentioned as the court shall judge adequate for his maintenance and support, and the court having examined the inventory of the said ward heretofore filed by said guardian, and made full investigation of the situation and produce thereof and of the state and circumstances of said ward, and judging it to be necessary for his maintenance and support, it is ordered and decreed that the said guardian sell the one equal undivided one-tenth part of a certain tract of land situate in the township of Deptford, in the county of Gloucester [being the land inherited by Abraham from his father], and make report in writing of her proceedings to the next court after sale."

In pursuance of this mandate of the Orphans' Court, Mary Clark, as guardian of her son Abraham's estate, sold and conveyed his undivided one-tenth interest in the tract of land specified in the order to one George Cattell, on the 29th day of February, 1844, and since that time the said Cattell and his grantees, of whom the defendant in error is the last, have been in the uninterrupted possession thereof.

On the 5th day of February, 1852, Abraham P. Clark married the plaintiff in error, and they lived together as man and wife from that time until his death, which occurred in 1893.

The ground upon which the plaintiff in error rests her claim to be entitled to dower in the lands sold is that the Orphans' Court received its power to direct a sale of the lands of an infant ward from "An act relating to guardians," passed

February 1st, 1799 (*Rev.* 1821, *p.* 402); that it does not appear, either from the records of the Orphans' Court or from the recitals in its order of sale, that there was before it when it made the order any proof of those facts, the existence of which was made necessary by the act of 1799, in order to authorize the court to direct such sale, and that, therefore, such order of sale is altogether null and void.

The sixth section of the act of 1799 enacts "that if the personal estate [of the ward] and the rents, issues and profits of the real estate be not sufficient for the maintenance and education of the ward, the Orphans' Court of the proper county, on full investigation thereof, may, from time to time, order the guardian to sell such parts of the ward's land, tenements, hereditaments and real estate as they shall direct and adjudge adequate for his or her maintenance and education." It is clear, therefore, that the Orphans' Court had power to make the order which is challenged, provided it had before it proof of the existence of the jurisdictional facts required by the statute. And this, as I understand the argument of counsel, is not denied. Nor is it claimed that there is anything in this case which shows affirmatively that the Orphans' Court did not have such proof before it when it made its order. The bald contention is that, because the proceedings of that court do not show upon their face that such was the case, its order is a nullity and must be so considered, even when called in question in this collateral way.

The argument of counsel in support of this contention seems to be based upon the idea that the Orphans' Court is an inferior tribunal of special or limited jurisdiction; and if this was true, the contention of the plaintiff in error would be sound, for in courts of that character everything must be set forth in the proceedings which is necessary to give jurisdiction, and when the jurisdictional facts are not so set forth, the presumption of law is that the judgment pronounced is *coram non judice.*

But the Orphans' Court is not an inferior tribunal of special or limited jurisdiction, and hence this presumption of law does

not apply to its judgments. On the contrary, as has been frequently declared by the courts of this state, it is a superior court of general jurisdiction, and its proceedings and judgments are entitled to the same presumption in favor of their regularity as those of the highest courts of the common law,. and while they remain in force are equally binding. *Den* v. *Hammel*, 3 *Harr.* 73; *Den* v. *O'Hanlon*, 1 *Zab.* 582; *Hess* v. *Cole*, 3 *Id.* 116; *Quidort's Administrator* v. *Pergeaux*, 3 *C. E. Gr.* 472; *Plume* v. *Howard Savings Institution*, 17 *Vroom.* 211.

This being the character of the Orphans' Court, it follows that the contention of the plaintiff in error is without merit, for, as was said by the court in *Plume* v. *Savings Institution, supra*, on page 229 of its opinion: " Courts of general jurisdiction need not set forth in their records the facts upon which their right to adjudicate depends, but such facts will be presumed, and no evidence will be received to contradict them, as such intendments are *presumptiones juris et de jure.*" The order for sale could have been legally made only upon proof of those facts the existence of which was made by the statute a prerequisite to judicial action, and consequently, in this collateral proceeding, the court must be presumed, by force of the legal rule just stated, to have had before it, and to have passed upon, all those matters.

The judgment under review, therefore, should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE,. VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 14.

*For reversal*—None.