DENNIS METAL MANUFACTURING COMPANY, RESPONDENT. v. FIDELITY UNION TRUST COMPANY, APPELLANT.

*Submitted December 10, 1923—Decided March 6, 1924.*

Where a bank receives a check payable to a corporation and endorsed by the president of the corporation so as to make it payable to himself, which is deposited in the personal account of the president with the bank, the bank is chargeable with notice, so as to put it upon inquiry, to determine whether the president of the corporation was authorized so to use its funds as against the corporation.

On appeal from the First District Court of the city of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Edward R. McGlynn.*

For the respondent, *McDermott, Enright & Carpenter.*

The opinion of the court was delivered by

KATZENBACH, J.  This is an appeal by the defendant below from a judgment rendered by the First District Court of the city of Newark.  The suit was instituted by the Dennis Metal Manufacturing Company, a corporation, against the Fidelity Union Trust Company, to recover the amount of two checks of $78.40 and $80, respectively.  The checks had been drawn to the order of the Dennis Metal Manufacturing Company and had been endorsed by its president, R. W. Dennis, as follows: "Pay to R. W. Dennis, Dennis Metal Manufacturing Co., R. W. Dennis, President."  The check for $80 bore the further additional individual endorsement of "R. W. Dennis."  The dates of the checks were June 10th, 1921, and June 20th, 1921.  The checks were passed to the credit of R. W. Dennis in a personal account which he had with the Fidelity Union Trust Company, and in due course were collected by the trust company upon the banks upon which they were drawn.

The evidence showed that the plaintiff was engaged in the mail order business.  The checks in question came to the plaintiff in its mail and were abstracted by Mr. Dennis and used in the manner stated.  The by-laws of the company were offered in evidence.  They provided that checks, drafts and other instruments on the company's account may be drawn over the signature of such officers as may, from time to time, be designated for that purpose by resolution of the board of directors.

On September 23d, 1920, the board of directors of the company had passed the following resolution:

"Resolved, That the treasurer or assistant treasurer of this corporation be, and they hereby are, authorized to open in the New York County National Bank, and in such other banks or trust companies as they may select, a bank account in the name of this corporation, which is Dennis Metal Manufacturing Corporation, and that the treasurer or assistant treasurer of this corporation be, and they hereby are, authorized from time to time, for and on behalf of this corporation, to make or sign checks, drafts, notes, obligations, agreements

or other instruments; to endorse checks, drafts or other instruments; to accept drafts or other instruments; to accept drafts or to procure loans and advances, to sell securities, bills and accounts receivable of this corporation, and generally to do all acts and things with reference to any transaction, in the name of or on behalf of this corporation, with any of the said banks or trust companies, or in carrying on its business relations therewith, which any of said officers may see fit; and further

"Resolved, That any and all checks, drafts, notes and other orders and items of every kind deposited, or to be deposited, for account of this company with such bank or trust company for credit or for collection or otherwise, requiring endorsement in the name of this company, shall be sufficiently endorsed if they bear said name, stamped or in writing, endorsed thereon, without any signature or counter-signature thereto affixed; and further

"Resolved, That this resolution shall continue in force until formally rescinded and due notice of rescission is filed with said banking institution, and that the secretary of this corporation be, and he hereby is, directed to deliver to the New York County National Bank, and any bank or trust company designated by the treasurer or assistant treasurer, as a depositary of this corporation, a copy of this resolution, and the name and signature of the officers authorized by this resolution to sign for the corporation, certified under his hand and seal of this corporation."

The plaintiff proved the facts above recited and rested. The defendant offered no testimony. The court thereupon found a judgment for the plaintiff for the amount of the checks and interest.

The appellant has abandoned all the specifications of the determinations of the District Court with which it was dissatisfied except one, which is as follows: "That the facts as set forth in the state of the case proved that the endorsements of the checks on which the suit was brought were made by a person who was president of the plaintiff corporation, in charge of its office, who received all mail belonging to the

company, and managed its office generally, and that, therefore, as a matter of law, his endorsements, under the by-laws of plaintiff corporation, as set forth in the state of the case, were sufficient authority for the defendant to cash the checks on which the suit was brought."

This proposition is legally unsound. There was no express authority given by the plaintff by the by-laws and resolutions above quoted to its president to endorse the checks and drafts received by it. There had been no acts by the plaintiff from which authority on the part of the president to endorse checks received by it could be inferred. There is nothing in the record which shows that the plaintiff is estopped from claiming that Mr. Dennis, its president, did not have the authority to endorse the checks in question.

A president of a corporation does not have, by virtue of holding the office of president, any power to endorse checks, drafts, notes and other obligations payable to the corporation. There are many matters in which one holding the high office of president cannot bind the corporation. The New Jersey cases in this point are collected in the case of *Aerial League of America* v. *Aircraft Fireproofing Corporation,* 97 *N. J. L.* 530. Where a bank receives a check payable to a corporation and endorsed by the president so as to make it payable to himself, and the president deposits it in his personal account with the bank, the bank is chargeable with notice so as to put it on inquiry to determine whether the president of the corporation was authorized so to use its funds as against the corporation.

The Court of Appeals of New York held in the case of *Ward* v. *City Trust Company of New York,* 192 *N. Y.* 61; 84 *N. E. Rep.* 585, that where a president of a manufacturing corporation produced a check payable to its order, and having endorsed it in the corporation name by himself as president and general manager, delivered it to a trust company in payment of a personal loan obtained by himself and the secretary-treasurer of the corporation, the form of the check was notice to the trust company that such president was using the property of the corporation to pay the personal

debt of himself and the secretary-treasurer of the corporation in apparent violation of the rights of the corporation, and that the effect of such notice was to put the trust company upon inquiry. In this case the City Trust Company made no inquiry as to the authority of the president to endorse the check for the corporation. It knew it was receiving the check of the corporation in payment of a personal loan. In so acting it acted at its peril. *Prima facie,* the act was unlawful. The trust company in accepting and using the check was deemed to have taken it with knowledge of the rights of the corporation to which it was made payable. The cases of *Niagara Woolen Co.* v. *Pacific Bank,* 141 *App. Div.* (*N. Y.*) 265, and *Wilson* v. *Metropolitan Elevated Railway Co.,* 120 *N. Y.* 145, are cases to the same effect. There is no case in New Jersey which resembles so closely the instant one as the New York cases above cited. The case of the *American Saw Co.* v. *First National Bank of Trenton,* 60 *N. J. L.* 417, illustrates the underlying principle that a bank which has dealings with a corporation must be assured that an officer who endorses checks payable to the corporation and receives from the bank the proceeds of the checks has authority to endorse for the corporation. In this case the American Saw Company had an account with the First National Bank. The by-laws of the saw company provided that all checks on its bank account over $200 should be drawn by the treasurer and countersigned by the president or a member of the executive committee. One Bissell was the secretary of the company. He began to endorse checks for deposit to the credit of the company and also to countersign checks without any change being made in the by-laws. Later, he endorsed checks received by the saw company and payable to it, as follows: "American Saw Company. I. F. Bissell, Secty." He took the checks so endorsed to the bank and asked that they be cashed. They were cashed by the paying teller of the bank. The money thus obtained by Bissell, from time to time in large sums, he used for his own purposes. When Bissell's fraud was discovered the saw company sued the bank for the moneys thus paid to Bissell upon the theory that the power

of Bissell was so limited and circumscribed as to exclude him from any authority to endorse checks and drafts other than for deposit, and that for the bank to have cashed for Bissell checks and drafts made payable to the saw company and endorsed as mentioned, was in effect to permit him to withdraw moneys of the saw company from the bank account upon his signature instead of upon checks signed and countersigned as provided by the by-laws. The position of the saw company was sustained by the Court of Errors and Appeals.

For the reasons herein given the judgment is affirmed.