ANNA M. L. LIPPINCOTT, DEVISEE OF FRANK W. LIPPIN-COTT, DECEASED, APPELLANT, v. JAMES E. GODFREY AND KATHERINE I. GODFREY, RESPONDENTS.

Argued October 20, 1926—Decided January 31, 1927.

Where a court has jurisdiction to order the entry of a judgment, and there were procedural errors in the steps taken to that end, such judgment is only properly subject to attack by a motion to vacate the same in the court where such judgment was entered, or by appeal therefrom, and cannot be questioned in a collateral manner.

---

On appeal from the Supreme Court.

For the appellant, *Samuel P. Hagerman.*

For the respondents, *Charles K. Landis, Jr.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff-appellant appeals from a judgment entered in the Supreme Court for the defendants, and against her in an action of ejectment brought by her testator against them to recover the possession of certain premises situate in Cape May county.   The case was tried at the Cape May Circuit, before Judge Schimpf, sitting without a jury, upon an agreed state of facts; and it is his findings upon which the judgment, appealed from, was entered for the defendants.

The agreed state of the case discloses that the plaintiff's testator took title to the said premises on the 29th day of September, 1911, and occupied the same as a summer residence until March 13th, 1917; that on or about March 13th, 1917, proceedings in attachment were instituted against the plaintiff's testator in the Cape May County Circuit Court, at the suit of one W. A. Parke Thompson; that final judgment was entered in said action on October 18th, 1917, for the sum of $577.65 against the plaintiff's testator; that by virtue of said judgment and execution issued thereon the premises were sold by the sheriff of Cape May county to W. A. Parke Thompson, who, on the 1st day of October, 1918, conveyed the premises to the defendants-respondents, who entered into possession of the same at that time and have continued in possession ever since.

Counsel of appellant, at the trial in the court below, sought to attack the validity of the judgment in the attachment proceedings, because of procedural errors.

The particular point stressed by counsel in this respect is that in the rule for judgment, which was not signed by the court, the rule recites *inter alia* "and the defendant having entered his appearance," whereas this was not a fact and points to the docket of the case which does not disclose any entrance of appearance, and in addition counsel produced a certificate, of the county clerk of Cape May county, certifying that no appearance was ever entered in the "clerk's book," in the case of Thompson *v.* Lippincott, and, therefore,

the court was without jurisdiction to order the entry of the judgment.

Assuming all the irregularities indicated, by counsel of appellant, existed, they did not deprive the court of jurisdiction of the subject-matter of the controversy. The court had jurisdiction to order a judgment, and if its procedure in that regard was erroneous, nevertheless, the validity of the judgment could only be properly subject to an attack by a motion to vacate the judgment in the court where such judgment was entered, or by an appeal therefrom, and not in the collateral manner, as is attempted here.

A complete refutation to the argument advanced by counsel of appellant in support of his contention is to be found in *Plume* v. *Howard Savings Institution,* 46 *N. J. L.* 211, where Chief Justice Beasley, speaking for the Supreme Court (at *p.* 229), says: "Courts of general jurisdiction need not set forth in their records the facts upon which their right to adjudicate depends, but such facts will be presumed, and no evidence can be received to contradict them, as such intendments are *presumptionis juris et de jure.* It is, indeed, this quality that constitutes the principal distinction between courts of superior and general jurisdiction, and those of limited and special jurisdiction. This doctrine is unquestionable, and is too rudimentary to justify discussion." The question is interestingly discussed in *Crawford* v. *Lees,* 84 *N. J. Eq.* 324 (at *pp.* 328, 329).

For the reasons given the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.