ECONOMY AUTO SUPPLY COMPANY, INCORPORATED, RESPONDENT, v. FIDELITY UNION TRUST COMPANY, APPELLANT.

Submitted May 26, 1928—Decided December 14, 1928.

For the respondent, *Saul J. Zucker.*

For the appellant, *Hood, Lafferty & Campbell.*

The opinion of the court was delivered by

Lloyd, J. This was an action instituted by the Economy Auto Supply Company, Incorporated, to recover from the defendant moneys which it claims were paid out of the funds of the plaintiff's bank account upon unauthorized endorsements. The plaintiff was indebted to the Cox Corporation and gave two checks in payment of its indebtedness. When the checks came to the Cox Corporation its president, William

M. Cox, endorsed them to the order of the Sheldon Axle and Spring Company and signed the endorsement, "Cox Corporation, William M. Cox, president." The checks were then presented to the bank and paid.

The trial before Judge Dungan and a jury resulted in the direction of a verdict in favor of the plaintiff and from this judgment the defendant appeals.

The legal propriety of this ruling in the trial court turns on the power of the president of the Cox Corporation to endorse the name of that corporation on the checks and thereby effectuate a valid title in the Sheldon Axle and Spring Company.

Appellant contends that such power existed by virtue of the general authority conferred on a president by the law of the state, and that, even though such general authority did not exist, yet that the by-laws and certain action of the board of directors of the Cox Corporation vested sufficient authority in the president to authorize the endorsement of the checks to the Sheldon company.

Our examination of the authorities in this state leads us to the conclusion that the first contention is unsound. Section 12 of the General Corporation act (*Comp. Stat.*, p. 1606, amended chapter 335, 1921) enacts that "the business of every corporation shall be managed by its directors;" in section 13, page 1651, that such corporation shall have a president, secretary and treasurer, and that the treasurer "shall give bond in such sum, and with such surety, or sureties, as shall be required by the by-laws for the faithful discharge of his duty."

The treasurer by his title is indicated by the statute as the fiscal officer of the corporation and his control of its finances, subject to the higher power of the directors, is emphasized by the requirement that he alone of the officers must give security for the faithful performance of his duties.

Our decisions have always been that the president of a corporation, although its executive head, is not empowered to bind the corporation in all of its business affairs. These cases are collected in *Aerial League of America* v. *Aircraft*

*Fireproofing Corp.,* 97 *N. J. L.* 530, and will not be here again recited. They deal with various transactions between corporations and third persons involving the implied power of the executive head of the corporation to bind it. Later in *Dennis Metal Manufacturing Co.* v. *Fidelity Union Trust Co.,* 99 *Id.* 365, the president was declared by the Supreme Court to be without authority under the general powers vested in him as such to endorse checks payable to the corporation. We think this correctly states the law as applied to the case now before us and that therefore the endorsement of the corporate name by Cox, its president, did not constitute a valid endorsement conferring title in the Sheldon company to the checks given by the plaintiff to the Cox Corporation.

Nor do we find in the case evidence of specific authority conferred on the president by the board of directors upon which the endorsement of the checks could legally be predicated. A provision of the by-laws and a resolution of the board are urged by the appellant for such authority. The by-laws read:

"The president shall be the executive officer of the company and shall have general management of the business of the company. The president shall have custody of the seal of the company and shall affix the said seal to any instrument requiring the same.

"The treasurer shall be the financial officer of the corporation and shall perform the duties usually performed by the treasurer of a corporation, and when requested he shall render a report to the directors."

The resolution of the board of directors is that—

"All outstanding customers' notes and net accounts receivable be and are hereby assigned to the Sheldon Axle and Spring Company to be applied to the reduction of the indebtedness of this corporation to said Sheldon Axle and Spring Company, and the treasurer is hereby authorized to execute such assignment."

We think it clear that the by-law relied on does not empower the president to assume the duties reposed in the

treasurer. The general management of the company's business is obviously neither intended by the board nor sufficient in fact to cover the financial transactions such as here involved and already entrusted to the treasurer.

The resolution assigning the outstanding customers' notes and net accounts receivable and authorizing the treasurer to execute the assignments carries its own limitation of the method by which such notes and accounts should be transferred. The president was as powerless to assign as would be any other agent of the corporation.

The legal relation of the bank to its depositor is that it will pay out of the latter's funds in its hands either to the depositor in person or to his order. *Harter* v. *Mechanics Bank,* 63 *N. J. L.* 578. The checks in the present case were drawn to the order of the Cox Corporation, but as we have seen were never endorsed by it. When therefore they were paid by the trust company they were paid without the authority of the depositor, and the learned trial judge rightly directed a verdict in favor of the plaintiff.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, DEAR, JJ. 11.

*For reversal*—KAYS, HETFIELD, JJ. 2.