REBECKA FAST, PLAINTIFF-RESPONDENT, v. MAX PECAN, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided March 27, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Maurice J. McKeown.*

For the respondent, no argument submitted.

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury which was directed by the trial judge. On this appeal no argument was submitted by the respondent.

The suit was brought to recover for damages arising from the negligence of Max Pecan and Edward Melbourne in the operation and control of their respective automobiles whereby the plaintiff's automobile was injured.

It appears that after the jury was empanelled and sworn, the plaintiff submitted to a voluntary nonsuit as to defendant Edward Melbourne, and the case then proceeded against defendant Pecan alone and resulted, as we have stated, in a verdict being directed for the plaintiff.

The appellant's first point is that the defendant-appellant should have been permitted to introduce testimony that the plaintiff had, for a consideration, executed a covenant not to sue the co-defendant, Edward Melbourne, and testimony as to the amount of such consideration, "for the purpose of mitigating damages as to the defendant, Max Pecan, in the event that the jury decided that the damages sustained by the plaintiff were the *proximate result* of the negligence of the defendant, Max Pecan, in the control and operation of his automobile."

We find no fault with the ruling. Certainly if the jury found the damages sustained were the *proximate result* of the negligence of Pecan, he was not entitled to contribution from another. It may be of interest to note that in *Public Service* v. *Matteucci,* 105 *N. J. L.* 114; 143 *Atl. Rep.* 221, it was held that whenever the damages are the product of the contributory misfeasance of more than one person, while an action will lie against each of the wrong-doers or against both, neither one can claim contribution from the other so as to distribute the loss equally among themselves, the reason being that the law will not undertake to adjust the burdens of misconduct.

But we believe that the trial judge improperly directed a verdict for the plaintiff, as the appellant contends. The judge

admittedly did so upon the strength of the testimony of the defendant when called by the plaintiff, and upon that alone.

The state of the case, as settled by the trial judge, disclosed that the defendant's testimony was that he was driving his automobile northerly on Hunterdon street; that, as he approached the intersection of South Orange avenue, he slowed down, shifted into second gear, and as he shifted into second gear he observed to his right a trolley car proceeding westerly on South Orange avenue at a moderate rate of speed; that he then proceeded across the intersection at about ten or twelve miles an hour and when he got in front of the trolley car, which was then fifteen feet away, he observed for the first time a taxicab right alongside of the trolley car; that he continued on, and, when the front of his car had already crossed the northerly crosswalk of Hunterdon street, he was struck in the right rear wheel by the front of the taxicab which was driven by Melbourne; that the result of the collision was that defendant's automobile was thrown across to the westerly side of Hunterdon street and struck the automobile in which the plaintiff was riding and which was proceeding in a southerly direction along Hunterdon street towards South Orange avenue. Incidentally it should be noted that other testimony was to the effect that when defendant entered upon the intersection the trolley car was one hundred feet away from Hunterdon street, going at a moderate rate of speed.

We consider that the testimony presented a question for the jury, and not for the court, as to the defendant's negligence.

The judgment will be reversed, and a *venire de novo* awarded, costs to abide the event.