SINGER SEWING MACHINE COMPANY, A CORPORATION, APPELLANT, v. CITIZENS NATIONAL BANK AND TRUST COMPANY OF ENGLEWOOD, RESPONDENT.

Submitted May 12, 1933—Decided September 12, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Rex B. Altschuler.*

For the respondent, *Abram A. Lebson.*

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment rendered in favor of the defendant-respondent (hereinafter called defendant), in an action brought against it by the plaintiff-appellant, hereinafter called plaintiff, for the conversion of a check for the sum of $320.

The pertinent facts in this case, as settled by the court, are as follows: A check for $320 dated June 2d, 1931, payable at the Citizens National Bank and Trust Company of Englewood, to the order of "Singer Sewing Machine Co., P. A. Werner, Mgr." was issued by the board of education, school district of Englewood, and presented to the defendant bank on June 11th, 1931, endorsed "Singer Sewing Machine Co. For Deposit Only, P. A. Werner, Mgr". The defendant bank accepted the check, endorsed "Singer Sewing Machine Co. for Deposit Only, P. A. Werner, Mgr." and credited the amount thereof, $320, to the personal account of "P. A. Werner, Mgr." Werner maintained a personal account with the defendant bank and the authorized signature for withdrawal against this account was "P. A. Werner, Mgr." Defendant made no inquiry at any time as to the authority of any agent to endorse paper.

Defendant, for the second time, raises several technical objections in its brief concerning the condition of the pleadings, the state of the case, &c. A motion to dismiss the appeal on the same grounds was made to the court on the opening day of the May, 1932, term, Case No. 456, and it was denied. That was dispositive. We fail to understand counsel in again presenting the same grounds of objections. We therefore necessarily pass to the meritorious questions presented.

The check executed by the board of education, school district of Englewood, payable to Singer Sewing Machine Co., P. A. Werner, Mgr. is presumed to be corporate property. In *Reed* v. *First National Bank of Glassboro,* 54 *N. J. L.* 208; 23 *Atl. Rep.* 853, the Court of Errors and Appeals held that a promissory note signed Warrick Glass works, J. Price Warrick, Pres. is the note of the corporation and not the

note of Warrick, or the joint note of Warrick and the corporation. If a note is signed by the corporate name, followed by the name of a corporate officer, who affixed to his name his official title, such notice is conclusively taken to be corporation paper. This is pursuant to sections 19 and 20 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3737). *Vliet* v. *Simanton,* 63 *N. J. L.* 458; 43 *Atl. Rep.* 738; *Phelps* v. *Weber,* 84 *N. J. L.* 630; 87 *Atl. Rep.* 469.

While the effect of the decisions in the aforesaid cases is to impose liability on the body corporate as a maker, analogy requires the same rule to be adopted in determining the ownership of the instrument. Hence the conclusion is reached that the check in question was the property of the Singer Sewing Machine Company and that only a proper endorsement of the corporation's name by a properly qualified person could divest the corporation of its title. Assuming, but not deciding, that the presence of Werner's name along with the corporation's name, as payee, required his endorsement or gave him the authority to endorse, for the corporation, yet it was incumbent upon the defendant bank to make **inquiry** of Werner's authority in applying the funds to his personal account.

In *Wagner Trading Co.* v. *Battery Park National Bank* (1920), 228 *N. Y.* 37; 9 *A. L. R.* 340, an officer of a corporation endorsed Wagner Tdg. Co. C. J. Wagner, President. C. J. Wagner had a personal account in this bank and the proceeds were credited to his personal account. The New York Court of Appeals in action for conversion held:

"Wagner had authority to endorse the checks, although no by-law or resolution is in evidence to that effect, but only for the purpose of the corporation's business and not to transfer the checks to himself personally or for his personal use * * *. It could, to safely protect itself in its dealings with Wagner, inquire as to his relation with the plaintiff, the authority he possessed, and could insist upon an examination of the plaintiff's by-laws and minutes if it thought that necessary to protect itself. When it accepted the checks payable to the plaintiff and endorsed by Wagner as president of the

plaintiff for deposit to the account of Wagner himself, it did so at its peril to ascertain whether Wagner had authority to endorse them and by his endorsement transfer the money to be paid thereon to his personal account. If Wagner had no such authority, title to the money in question never passed to the defendant if it received it, it did so without authority and must account and make payment to the owner * * *. Assuming as we do that Wagner had general authority to endorse check for the plaintiff's corporate purposes, clearly this does not authorize him to endorse check to his own order and appropriate the money to his own personal use, and the nature of this transaction was such as to warn defendant that the checks were being diverted from usual business channels."

In *Ward* v. *City Trust Company of New York* (1908), 192 *N. Y.* 61, the same court held that a president's authority to endorse the corporation's name did not sanction or permit the application of the instrument for any other than a corporate purpose. There is a presumption against the validity of the transaction. *Schmidt* v. *Garfield National Bank,* 64 *Hun.* 298; *affirmed,* 138 *N. Y.* 631; *Sims* v. *United States Trust Co. of New York,* 103 *Id.* 472; *Fidelity and Deposit Co. of Maryland* v. *Queen's County Trust Co.,* 226 *Id.* 225, 233; *Norton on Bills and Notes* (4th ed.), pp. 445, 449.

The same ruling has been enunciated by our courts. In *Dennis Metal Manufacturing Co.* v. *Fidelity Union Trust Co.,* 99 *N. J. L.* 365; 123 *Atl. Rep.* 614, it was held that a bank, crediting a corporation check to the president's personal account on the president's endorsement, was required to ascertain the latter's authority. (Citing with approval the New York case of *Ward* v. *City Trust Co. of New York, supra,* and also *Aerial League of America* v. *Aircraft Fireproofing Corp.,* 97 *N. J. L.* 530; 117 *Atl. Rep.* 704, a leading case, and *American Saw Co.* v. *First National Bank of Trenton,* 60 *N. J. L.* 417; 38 *Atl. Rep.* 662.) This view was followed in *Economy Auto Supply Co.* v. *Fidelity Union Trust Co.,* 105 *N. J. L.* 206; 144 *Atl. Rep.* 30 (endorsement of corporation's name on a check by its president held not to constitute

a valid endorsement and the bank was held liable to the corporation) and *Passaic-Bergen Lumber Co.* v. *United States Trust Co.*, 110 *N. J. L.* 315; 164 *Atl. Rep.* 580 (branch manager held not to have authority to endorse checks payable to corporation and apply proceeds to a use foreign to corporation's business. Bank was liable to corporation even though latter was not a depositor).

We therefore conclude that in that instant case defendant did not have the authority to credit the personal account of P. A. Werner, Mgr. without first making inquiry of the plaintiff as to the propriety thereof. The defendant was charged with a duty which the nature of the transaction required it to perform. The breach of duty, *i. e.,* of making inquiry as to Werner's authority in applying the funds to his own use, the crediting of the proceeds of the check in question to Werner's account constituted a conversion on the part of the defendant and rendered it liable to the plaintiff.

Judgment will be reversed, with costs.