ELIZABETH BRANDSTEIN AND HARRY BRANDSTEIN,
HER HUSBAND, RESPONDENTS, v. THE IRONBOUND
TRANSPORTATION COMPANY, APPELLANT.

Submitted May term, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Maurice J. McKeown* and *Milton Bruck.*

For the respondents, *Elias G. Willman.*

PER CURIAM.

The appeal in this case is by the defendant from a judgment of the First District Court of Newark in favor of the plaintiffs.

The single ground of appeal is that the court refused to permit a question asked by defendant's counsel of the plaintiff Elizabeth Brandstein, the question being: "And did you receive compensation from the Public Service as a result of the accident?"

The plaintiff had been a passenger in a Public Service Co-ordinated Transport bus and was injured by a collision between the bus in which she was riding and a bus of the defendant company. At the trial the defendant sought to show that the plaintiff, in consideration of the payment of a certain sum of money, had signed an agreement not to sue the Public Service Company, claiming that it was entitled to show this payment in mitigation of damages against the present appellant. Cases throughout the country and in the federal courts are cited to show that while a covenant not to sue is not a release of one tort feasor absolving other tort feasors, any payment made under such an agreement is admissible in mitigation of the plaintiff's claim against other defendants.

The difficulty is that in the case of *Fast* v. *Pecan,* 11 *N. J. Mis. R.* 253; 165 *Atl. Rep.* 281, this court decided exactly to the contrary and held that subtsantially the same question here presented was properly overruled. That ruling is by a co-ordinate branch of this court and cannot be disregarded here.

The judgment is affirmed, with cost.