GRACE LOMBARDO, AN INFANT, BY DOROTHY LOMBARDO, HER NEXT FRIEND; WARDELL CREAMER, AN INFANT, BY DOROTHY LOMBARDO, HIS NEXT FRIEND, AND DOROTHY LOMBARDO, INDIVIDUALLY, RESPONDENTS, v. WILBERT CREAMER, APPELLANT.

Submitted February 16, 1934—Decided May 4, 1934.

For the appellant, *Solve Tuso* (*Ralph N. Kellam,* of counsel).

For the respondent, *James B. Avis.*

Per Curiam.

The question here presented is substantially the same as the one presented in the case of *Brandstein* v. *Ironbound Transportation Co.,* 112 *N. J. L.* 585, No. 62 of the present term of this court, and it is whether in an action against one wrongdoer, evidence of moneys paid by another person involved in the accident, out of which the action grew, is admissible in mitigation of damages.

In that case as in this the evidence was rejected in the trial court upon the authority of *Fast* v. *Pecan,* 11 *N. J. Mis. R.* 253; 165 *Atl. Rep.* 281, and on the same authority the Supreme Court, on review of the Brandstein case, affirmed the ruling therein. The question is now in this court for the first time.

In the Brandstein case the facts developed that a bus of the Public Service Co-ordinated Transport in which plaintiff was a passenger collided with a truck of the defendant causing injuries which were the basis of the action. On cross-examination one of the plaintiffs was asked if she had received "compensation from the Public Service as the result of the accident." The question was overruled and for this ruling the case is reversed here, this court holding in an opinion filed by Mr. Justice Donges that the evidence should have been received.

In the present case the action was against the appellant to recover damages for injuries received in a collision between an automobile in which the plaintiffs were riding and a train of the Central Railroad Company. On cross-examination Dorothy Lombardo, one of the plaintiffs, was asked this question: "*Q.* Isn't it true, Mrs. Lombardo, that you received $3,500 from the Central Railroad Company of New Jersey for the injuries which you claim you sustained in this accident on a covenant not to sue?" To this question objection was made that any money so received cannot be used in mitigation of damages. The learned trial judge, deeming himself bound by the case of *Fast* v. *Pecan, supra,* and his interpretation of *Public Service Railway Co.* v. *Matteucci,* 105

*N. J. L.* 114, in this court, overruled the question, and his ruling is one of the grounds of appeal now before us.

In the Fast case the question asked in furtherance of the same object was somewhat different in form from the one asked in the present case, but in substance it was the same. The proof was offered "for the purpose of mitigating damages as to the defendant Max Pecan, in the event that the jury decided that the damages sustained by the plaintiff were the proximate result of the negligence of the defendant Max Pecan in the control and operation of his automobile." This simply meant an offer of proof of payment by another party to be credited on the damages if the defendant were held liable. It was rejected by the trial court and this rejection approved by the Supreme Court, the syllabus in the latter court declaring "a covenant not to sue executed by plaintiff to one of two defendants not admissible in suit against other defendant for purpose of mitigating damages."

In the light of that authority there would appear to have been no other course open to the learned judge, but, as held in the Brandstein case, *supra,* we think it was error.

It will be unnecessary to again state the reasons for our conclusions. They are concisely, though fully, stated in the opinion in the Brandstein case, and for the reasons there expressed the present judgment is reversed and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, JJ. 2.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.