MARSHALL MOSS AND HARRY J. MOSS, PLAINTIFFS-APPELLANTS, v. BARNET CHERDAK, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellants, *Joseph J. Corn*.

The opinion of the court was delivered by

PERSKIE, J. The determinative question involved on this appeal is whether the excecution of a formal release, by appellants, to a joint tort feasor and the acceptance of the consideration therein stated from such a joint tort feasor, operated as a bar to a further recovery for the same accident,

by same appellants, against the respondent, the latter being the other tort feasor?

At the end of the proofs submitted for and in behalf of the appellants, at the trial below, counsel for the latter moved for a directed verdict as to liability; and counsel for the respondent also moved for a directed verdict on the grounds that appellants (1) had given a release to one Bernard Bernstein, a joint tort feasor; and (2) that no negligence had been proved. These motions were denied. At the end of all proofs submitted in the case below counsel for the respective parties again made motions for a directed verdict. Respondent's motion was granted. Hence this appeal.

At the time of the last stated motion the proofs disclosed substantially, the following situation: On August 6th, 1927, Marshall Moss, a violinist, then an infant and held out to be a child prodigy, was in an automobile driven by Bernard Bernstein, going north from Atlantic City, New Jersey. When about twelve miles south of Tuckerton, New Jersey, the automobile in which he was riding collided with an automobile driven by respondent, Barnet Cherdak. As a result of this accident Marshall Moss sustained some injuries.

Appellants retained counsel to prosecute their claims against both Bernstein and Cherdak for injuries and loss of services sustained. Thereafter, on February 5th, 1930, Marshall Moss and Harry J. Moss, his father, executed, acknowledged and delivered a release, under seal, to Bernard Bernstein and Irving Iron Works for the sum of $500, which was paid to and accepted by them. The supplemental answer of the respondent pleaded this release as a bar to the present suit. Appellant's testimony tended to fix the liability for the accident on the respondent. The testimony of the latter tended to fix the liability therefor on Bernard Bernstein. At all events, it is quite clear that Bernard Bernstein was a joint tort feasor.

Under these circumstances, we are of the firm opinion that the action of the learned trial judge in directing a verdict in favor of the respondent and against the appellants was proper. For, it is the well established law of our state, that

in a case of a joint tort the person injured, if he accepts satisfaction from one of such tort feasors, cannot sue the other. This principle of law is founded on a sound principle of justice; there can be but one satisfaction. *Spurr* v. *North Hudson County Railroad Co.*, 56 *N. J. L.* 346; *Rogers* v. *Cox*, 66 *Id.* 432. See, also, *United States Fidelity, &c., Co.* v. *Goetze*, 108 *N. J. Eq.* 210; *Brandstein* v. *Ironbound Trans. Co.* 112 *N. J. L.* 585, 586, 587; 172 *Atl. Rep.* 580, 581.

No claim was made by the appellants that the execution of the release and the acceptance of the consideration therein stated was the result of fraud, misrepresentation or imposition practiced on them by or for the respondent. *Palmer* v. *Tomlin*, 104 *N. J. L.* 215. The questions, therefore, tending to challenge the legal efficacy of the release were properly overruled. This appeal is wholly without merit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.