HARRIS J. WESTERHOFF, TRUSTEE IN BANKRUPTCY OF STAR SILK DYEING COMPANY, PLAINTIFF, v. CITIZENS TRUST COMPANY, DEFENDANT.

Decided July 15, 1936.

NOTE—This case was affirmed, by *per curiam* opinion in 117 N. J. L. 453, Court of Errors and Appeals.

For the plaintiff, *H. Kermit Green* and *Filbert L. Rosenstein* (*Spaulding Frazer,* of counsel).

For the defendant, *Edward F. Merrey.*

WOLBER, C. C. J. This case was tried before the court sitting without a jury by the consent of the parties. From the evidence I found the following facts:

Plaintiff is the trustee in bankruptcy of the Star Silk Dyeing Company. Before its adjudication, it had an account in the defendant trust company. The principal officers of the Star Silk Dyeing Company were Henry Nazzaro, president, and Emilia Nazzaro, secretary. These officers had individual accounts in the same trust company. From time to time during the periods set out in the complaint, checks payable to the order of the Star Silk Dyeing Company by its debtors were endorsed in various form and style by these officers and

deposited with the defendant for collection in their personal accounts, and the proceeds, when collected, credited to them. This sum, represented by thirty-four checks, aggregated $120,326.87. The plaintiff brings this action to recover that sum upon the theory that the defendant, in crediting the proceeds of these checks to the accounts of the officers, converted the proceeds which were the property of the Star Silk Dyeing Company, to whose rights plaintiff succeeded. This theory is sound and supported by authority. *Singer Sewing Machine Co.* v. *Citizens National Bank and Trust Company of Englewood (Supreme Court,* 1933, Perskie, J.), 111 *N. J. L.* 199; 168 *Atl. Rep.* 32; *affirmed (Court of Errors and Appeals,* on opinion below), 112 *N. J. L.* 497; 171 *Atl. Rep.* 796. Compare sections 4 and 9 of the Uniform Fiduciaries act (*Pamph. L.* 1927, *ch.* 30, *p.* 69; *Supp. Comp. Stat.* 1925-1930, § 222-23a(1)), and cases considered thereunder. *Robbins* v. *Passaic National Bank and Trust Co. (Court of Errors and Appeals,* 1932, Lloyd, J.), 109 *N. J. L.* 250; 160 *Atl. Rep.* 418; *New Amsterdam Casualty Co., &c.,* v. *The National Newark and Essex Banking Co., &c. (Court of Chancery,* 1934, Backes, V. C.), 117 *N. J. Eq.* 264; 175 *Atl. Rep.* 609; *affirmed (Court of Errors and Appeals,* 1935, on opinion below), 119 *N. J. Eq.* 540; 182 *Atl. Rep.* 824.

The defendant in its answer set up various defenses relating to purported authority to credit the checks so deposited by resolutions filed with it by the Star Silk Dyeing Company, as well as other matters, from what will hereafter appear, will not be deemed relevant or material.

While this action was pending, plaintiff instituted a suit in the Court of Chancery of New Jersey against Henry Nazzaro and Emilia Nazzaro, the general object of which was to seek an accounting because of the diversion of these corporate funds. In that suit, the plaintiff sought to charge both Henry and Emilia Nazzaro with the same identical checks upon which this action is founded. The Nazzaros were decreed to account, a reference was had, testimony taken, claims and counter-claims were exhibited, and upon the report and the decree entered thereupon, it was established that on the date of the *last* check diverted, there was a credit in favor of the

Nazzaros, and a balance between the parties struck. Because of other misappropriations subsequent to the date of these checks, a decree was entered in favor of the plaintiff and against the Nazzaros in the amount of $20,997.23. That decree was never challenged and remains unreversed. The entire record of the proceedings above taken was offered in evidence at this trial by the defendant. It was conditionally received at the time, subject to its competency being established. For reasons to be later advanced, I have concluded to admit the Chancery proceedings, and for the purposes of the record herein, will grant an exception to the plaintiff.

Subsequent to the entry of the Chancery decree, defendant applied to this court and was granted leave to file a supplemental answer, setting up two additional defenses. The "5th" defense was during the pendency of this action considered and therefore requires no further treatment. The "6th" defense asserted that because plaintiff submitted his identical claims against the Nazzaros to diminish or discharge the counter-claim exhibited by them, and the entire sum was credited to the plaintiff, that the claim of the plaintiff was paid, satisfied and discharged, and hence plaintiff cannot again assert his claim against it, because it would operate to give plaintiff a double satisfaction.

The plaintiff argues that the decree settling the rights of the parties was erroneous because under section 68 a and b of the Federal Bankruptcy act, set-off is not available to a debtor of the bankrupt who has been guilty of fraud or violation of a fiduciary duty; and that because of such fact, the allowance of the set-off by the Court of Chancery was erroneous. It is argued that as a result of this alleged error in the Chancery suit, plaintiff was required to permit his entire claim to be so "absorbed" and to be effective as payment. In support of such contention, the case of *Libby* v. *Hopkins* (1881), 104 *U. S.* 303, and the line of cases following it are cited.

It thus appears that plaintiff has already received payment by credit in the Chancery proceedings. The issue relates to the admissibility of that record to prove the payment.

The issues, therefore, upon which this entire matter may be resolved are thus presented:

(1) Is the record of the Chancery proceeding, to which the defendant was a stranger, admissible against the plaintiff for the purpose of proof of payment of the subject-matter sued upon, so as to prevent "double satisfaction?"

(2) Is the record of the Chancery proceeding subject to collateral attack by plaintiff, so as to enable him to challenge its correctness or demonstrate error?

It seems to be undisputed that there can be but a single satisfaction for any injury. This doctrine is founded on a sound principle of justice and is invariably applied in the greatest variety of cases found in the books. It is argued that the record is inadmissible because the defendant is a stranger. This argument proceeds upon the theory of its proposed use as an estoppel, or as *res adjudicata,* intended to bind one not a party to it. See *Freudenreich* v. *Mayor and Council of the Borough of Fairview (Court of Errors and Appeals,* 1934, Brogan, C. J.), 114 *N. J. L.* 290; 176 *Atl. Rep.* 162, and cases therein cited.

This argument is untenable. The record is offered to prove *payment* of the subject-matter sued upon. That is the use to which it has been devoted by the court. It hardly requires argument to prove that if, instead of payment by credit as found in the record, payment was received in some other form, a certified copy of the satisfied decree would be competent and relevant evidence upon the issue of *payment.* The absence of this defendant from such a suit, in which the decree has been so satisfied, can hardly be urged so as to defeat its use as evidence, and obviously result in a double satisfaction. I have been influenced in this determination by the authority of *Spurr* v. *The North Hudson County Railroad Co. (Supreme Court,* 1894, Beasley, C. J.), 56 *N. J. L.* 346; 28 *Atl. Rep.* 582; *Rogers* v. *Cox (Supreme Court,* 1901, Collins, J.), 66 *N. J. L.* 432; 50 *Atl. Rep.* 143; *United States Fidelity, &c.,* v. *Goelze (Court of Chancery,* 1931, Backes, V. C.), 108 *N. J. Eq.* 210; 154 *Atl. Rep.* 524; *Brandstein* v. *The Ironbound Transportation Co. (Court of Errors and Appeals,* 1934, Donges, J.), 112 *N. J. L.* 585; 172 *Atl. Rep.*

580; *Lombardo* v. *Creamer* (*Court of Errors and Appeals,* 1934, *per curiam*), 113 *N. J. L.* 117; 172 *Atl. Rep.* 584; *Moss* v. *Cherdak* (*Court of Errors and Appeals,* 1934, Perskie, J.), 114 *N. J. L.* 332; 176 *Atl. Rep.* 333.

The goal in this matter requires perception of doctrines akin to a "Serbonian bog." The form of technical niceties will not stand in the way of applying the great principle of a single satisfaction for an alleged injury. The rule preventing double satisfaction is a rule to prevent too much rather than too little. Its application does not depend upon conformance to technical considerations. The wisdom of its enforcement operates to prevent double compensation for a single injury. Its force will pierce through all manner of form and effect the result.

The plaintiff has argued that the mere recovery of judgment against the Nazzaros does not operate to satisfy the claim against the defendant trust company. With this I have no dispute. The Court of Chancery has already decreed the claim to have been paid. The rule fully stated is this:

The recovery of judgment against one of several tort feasors does not operate to satisfy a claim against the others not sued. Nor does it operate as *res adjudicata* against the remaining tort feasors. But where, as here, the decree effected a payment, it operates to discharge the remaining tort feasors. The payment tends to make the injured person whole and the claim is discharged. *Singer Manufacturing Co.* v. *Skillman* (*Supreme Court,* 1890, Beasley, C. J.), 52 *N. J. L.* 263; 19 *Atl. Rep.* 260; *Shoemaker* v. *Maloney* (*Court of Errors and Appeals,* 1925, Kalisch, J.), 102 *N. J. L.* 363; 132 *Atl. Rep.* 606; *Toscani* v. *Litsky* (*Supreme Court,* 1927, *per curiam*), 5 *N. J. Mis. R.* 100; 135 *Atl. Rep.* 667; *Brandstein* v. *Ironbound, &c., supra;* 65 *A. L. R.* 1087.

In *Bigelow* v. *Old Dominion Copper Co.* (1912), 225 *U. S.* 111 (at *p.* 127), Mr. Justice Turton stated:

"But would that judgment, if it had been for the plaintiff in that case, have bound Bigelow in a subsequent suit by the same plaintiff upon the same facts? If not, upon what principle may he claim the advantage of it as a bar to the present suit? The cause of action was one arising *ex delicto*. It was

several as well as joint. *The right of action against both might have been extinguished by a settlement with one, or by a judgment against one, and satisfaction.* But the claim has come in substance to this, that although the plaintiff had a remedy against Lewisohn and Bigelow severally or jointly, a failure to recover in an action against one is a bar to his action against the other, the facts being the same, although there has been no satisfaction for the injury done. The only basis upon which such a result can be asserted is that Bigelow would have been bound by the judgment if it had been adverse to Lewisohn, and may, therefore, shelter himself behind it since it was favorable to his joint wrongdoer."

It is unnecessary to resolve the propriety of the application of section 68, a and b, of the Bankruptcy act by the Court of Chancery to the facts in this case. It would constitute a collateral attack upon the record of that court, a court of general jurisdiction. A collateral attack upon the judgment of a court of general jurisdiction can be successful only where and to the extent that it discloses a want of power, as distinguished from error in the exercise of power. That court had jurisdiction of the persons and the subject-matter, which was a suit for an accounting.

In *Plume* v. *Howard Savings Institution* (*Supreme Court,* 1884), 46 *N. J. L.* 211, Chief Justice Beasley (at *p.* 229), said :

"Courts of general jurisdiction need not set forth in their records the facts upon which their right to adjudicate depends, but such facts will be presumed, and no evidence can be received to contradict them, as such intendments are *presumptiones juris et de jure.* It is, indeed, this quality that constitutes the principal distinction between courts of superior and general jurisdiction, and those of limited and special jurisdiction. This doctrine is unquestionable, and is too rudimentary to justify discussion. The authorities will be found copiously collected in the notes to *Crepps* v. *Durden,* 1 *Smith's L. C.* 978."

That case has been followed in *Clark* v. *Costello* (*Court of Errors and Appeals,* 1896, Gummere, J.), 59 *N. J. L.* 234; 36 *Atl. Rep.* 271; *Inhabitants of Hohokus* v. *Erie Railroad*

(*Supreme Court,* 1900, Depue, C. J.), 65 *N. J. L.* 353; 47 *Atl. Rep.* 566; *Newby* v. *Blakely* (*Court of Errors and Appeals,* 1913, *per curiam*), 85 *N. J. L.* 728; 90 *Atl. Rep.* 318; *Assets Development Co.* v. *Wall* (*Court of Errors and Appeals,* 1922, Gummere, C. J.), 97 *N. J. L.* 468; 119 *Atl.* 10; *Hamilton* v. *Orange Savings Bank* (*Court of Errors and Appeals,* 1924), 99 *N. J. L.* 503; 124 *Atl. Rep.* 62; *affirmed* opinion of Dungan, C. C. J.; *Boyle* v. *Van Splinter* (*Court of Errors and Appeals,* 1924, Gummere, C. J.), 101 *N. J. L.* 89; 127 *Atl. Rep.* 257; *Lippincott* v. *Godfrey* (*Court of Errors and Appeals,* 1927, Kalisch, J.), 103 *N. J. L.* 407; 136 *Atl. Rep.* 174.

In *Lippincott* v. *Godfrey, supra,* Mr. Justice Kalisch (at *p.* 409), said:

"Assuming all the irregularities indicated, by counsel of appellant, existed, they did not deprive the court of jurisdiction of the subject-matter of the controversy. The court had jurisdiction to order a judgment, and if its procedure in that regard was erroneous, nevertheless, the validity of the judgment could only be properly subject to an attack by a motion to vacate the judgment in the court where such judgment was entered, or by an appeal therefrom, and not in the collateral manner, as is attempted here."

Both parties have submitted requests for findings of fact and law. They will be incorporated in the record. Because of the limited and narrow determination upon which this controversy has been decided, I have not deemed it necessary to accede to these requests. The issues as framed by the parties have caused the limitations and the consequent denial of special findings. No useful purpose will be served by such findings. Most of the answers will be academic and moot to the actual issues.

I therefore find a verdict in favor of the defendant, no cause of action. I will sign a *postea* embodying such result.